UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 25-2898

ARMONDO MORALES,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals,
(Agency No. A206-195-411)
Immigration Judge Arya S. Ranasinghe

Before: PHIPPS, FREEMAN, and BOVE, *Circuit Judges*
Submitted: May 28, 2026; Filed: July 6, 2026

_____

NONPRECEDENTIAL OPINION[*]

PHIPPS, *Circuit Judge*.

A Mexican man who entered the United States illegally several times was charged with removability in 2014 and conceded the charge in 2017. In 2020, he applied for cancellation of removal based, in part, on the hardship that his removal would inflict on his three daughters who are United States citizens. The Immigration Judge and later the Board of Immigration Appeals concluded that the hardship was not exceptional and extremely unusual, and without meeting that standard for the hardship requirement, his application for cancellation of removal was denied. In this petition, the man argues that the agency committed legal error by not considering several pieces of evidence relating to the hardship

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

his daughters would experience and by relying on impermissible speculation in reaching its conclusions. For the reasons below, we will deny the petition.

Armondo Morales, a 44-year-old native of Puebla, Mexico, entered the United States without admission or inspection and parole in March 2007. He settled in Freehold, New Jersey, and in 2010, he married a woman from the same region of Mexico who also lacked legal immigration status. They had three daughters together who are United States citizens by birth.

In 2014, the Department of Homeland Security commenced removal proceedings against Morales because he was inadmissible. *See* 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."). In 2017, Morales conceded removability. In December 2020, while then living in Howell, New Jersey, he applied for cancellation of removal based on the "exceptional and extremely unusual hardship," that his removal would impose on his three daughters, who, as United States citizens, were qualifying relatives for purposes of cancellation. *Id.* § 1229b(b)(1)(D). *See generally id.* § 1229b(a)–(b); *id.* § 1229c(b).

At the time of the hearing on his application for cancellation of removal, Morales was earning about $1300 per week – enough to cover his family's expenses – from his employment as a cook at a restaurant and as a landscaper. His wife had not worked since around 2019. And his daughters, then ages 9, 11, and 15, were in school, and they were of good physical health. But a social worker who evaluated them in light of their father's potential removal to Mexico prepared a 24-page psychological evaluation, which diagnosed all of them with Adjustment Disorder with Mixed Anxiety and Depressed Mood.

After holding a hearing, the Immigration Judge denied Morales's application for cancellation on two grounds. First, after reviewing Morales's criminal history – which included an arrest in 2014 for assault, a conviction in 2017 for driving under the influence, and an arrest in 2021 for making terroristic threats against his wife – and accounting for his failure to report income on his taxes, the Immigration Judge concluded that Morales did not meet the good-moral-character requirement for cancellation of removal. *See id.* § 1229b(b)(1)(B). The Immigration Judge also determined that Morales's application did not satisfy the hardship requirement. In considering the evidence of hardship, the Immigration Judge considered the psychological evaluation prepared by the social worker and found that Morales's three daughters did not have serious health or learning problems; had other relatives in New Jersey, including their mother; and would be financially supported because Morales would be able to find employment in Mexico and his wife could potentially return to work in the United States as she had no disqualifying physical or mental disabilities to prevent her from working. Based on those findings, the Immigration Judge concluded that the hardship on Morales's daughters from his removal was not "exceptional and extremely unusual" and thus did not merit cancellation. *Id.* § 1229b(b)(1)(D). With the denial of his application for cancellation, the Immigration Judge issued an order of removal for Morales.

Morales challenged that ruling through an administrative appeal to the BIA. In examining only the hardship requirement – and not the correctness of the Immigration Judge's determination that Morales lacked good moral character – the BIA upheld the order denying cancellation of removal. Specifically, the BIA concluded that because Morales's "children would remain in the United States with their mother, do not have significant health or educational issues, and that [Morales] would likely be able to contribute

3

financially to the household from Mexico . . . any hardship to [Morales's] children would not rise to the level of 'exceptional and extremely unusual,' even when considering the harms in the aggregate." BIA Decision 2 (AR4) (citing *Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62–64 (BIA 2001)).

Through a petition, Morales invoked the jurisdiction of this Court to review the final order of removal. *See Wilkinson v. Garland*, 601 U.S. 209, 217 (2024).

## DISCUSSION

A court may review the questions of law related to an order denying cancellation of removal, including challenges to whether the facts found by the agency support its hardship determination. *See id.* at 225. That specific issue is evaluated based on the totality of the circumstances, *see Wilkinson v. Att'y Gen.*, 131 F.4th 134, 145 (3d Cir. 2025), and is reviewed for substantial evidence, *see id.* at 142.

The main theme of Morales's brief is that the agency committed legal error by not considering the totality of the evidence of hardship in the record. He contends that the agency failed to consider certain statements from the social worker – that the daughters would experience harm substantially beyond what was normal in family separation and that his children will face heightened vulnerability in a single-parent household. Because the agency did not specifically mention those issues in its rulings, Morales claims that it misapplied the totality-of-the-circumstances legal standard and did not engage in reasoned decisionmaking. A problem for Morales is that he equates an agency's articulated rationale for its decision with the scope of its consideration of the evidence before it. It is not necessary for an agency's decision to discuss every piece of evidence before it. *See Huang v. Att'y Gen.*, 620 F.3d 372, 388 (3d Cir. 2010) (explaining that while the BIA may not "ignore evidence favorable to the alien," it does not need to "discuss every piece of

4

evidence mentioned by an asylum applicant"). Accordingly, an agency need not discuss every finding in a report prepared by an expert such as the 24-page psychological evaluation prepared by the social worker in this case. And here, where the agency expressly accounted for the social worker's report, the lack of specific discussion of certain points is not fatal to the integrity of the agency's decisionmaking.

Nor is there merit to the variation of Morales's argument that the agency failed to engage in reasoned decisionmaking. His premise is that the reasoned decisionmaking standard applies to agency findings of fact and the application of the law to those findings. But it does not. As precedent makes clear, the question of whether the facts found by an agency meet the criteria for cancellation of removal is evaluated for substantial evidence, *see Wilkinson*, 131 F.4th at 142 – not under the 'hard look' associated with the reasoned decisionmaking standard, *see generally FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 514–15 (2009); *Motor Vehicle Mfrs. Ass'n, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983). And under the highly deferential substantial evidence standard, an agency's findings of fact can be set aside only if a "reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). To meet that standard, it is not sufficient that an alternative factual finding be "as persuasive as the agency's, or even marginally better – it must be so superior relative to the agency's finding that no 'reasonable adjudicator could have found as the agency did' over the alternative." *Alexander-Mendoza v. Att'y Gen.*, 55 F.4th 197, 207 (3d Cir. 2022) (quoting *Garland v. Ming Dai*, 593 U.S. 357, 368 (2021)). And even when an agency fails to consider detracting evidence, its factual finding cannot be set aside unless the neglected detracting evidence would "compel a reasonable adjudicator to reach a contrary conclusion." *Id.*

5

(citing *Nasrallah v. Barr*, 590 U.S. 573, 583–84 (2020), and *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

Applied here, substantial evidence supports the agency's decision. The BIA's stated reasons for Morales's failure to meet the hardship requirement – his daughters' continued residence in the United States with their mother, their lack of significant health or educational issues, and Morales's ability to contribute financially to the household from Mexico – do not compel the opposite conclusion, *viz.*, that the hardship on Morales's daughters would be exceptional and extremely unusual. Nor is the evidence that detracts from that conclusion but which the BIA did not expressly mention in its decision – the children's psychological diagnosis – so strong to compel the conclusion that the hardship on Morales's daughters would be exceptional and extremely unusual. Accordingly, the agency's determination survives substantial evidence review.

As a final contention, Morales argues that the agency engaged in impermissible speculation as to the financial consequences of his removal. Specifically, he challenges the agency's conclusion that he could find work in Mexico to financially support his family and that his wife did not have physical or mental disabilities that would prevent her from getting a job in this country potentially outearning him. But the Federal Rules of Evidence do not apply to immigration proceedings. *See Fei Yan Zhu v. Att'y Gen.*, 744 F.3d 268, 273 (3d Cir. 2014). And there is no categorical rule barring predictive judgments in administrative proceedings. *See generally* 5 U.S.C. § 556(d) ("Any oral or documentary evidence may be received, but the agency as a matter of policy shall provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence."). Indeed, applications for relief from removal commonly require the agency to make predictive judgments about the future. For instance, asylum may involve assessing whether the applicant has a "well-

founded fear of persecution" upon removal to a specific country. *Urias-Orellana v. Bondi*, 607 U.S. 537, 540 (2026) (quoting 8 U.S.C. § 1101(a)(42)(A)). Similarly, relief under the Convention Against Torture may involve determining whether "it is more likely than not [that the applicant] would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Likewise, a hardship determination for cancellation of removal involves a predictive judgment. Morales implicitly acknowledges as much because the statements that he claims the agency neglected also constituted predictive judgments as to the future well-being of his daughters. Put simply, as a matter of law, it was not incorrect for the agency to make a predictive judgment about Morales's future employability in Mexico or his wife's future employability here. And the findings that it did make as to the family's financial health, in particular those as to his future employability in Mexico and his wife's potential to out-earn him, satisfy the substantial evidence standard because the evidence does not compel a contrary conclusion.

## CONCLUSION

For these reasons, the petition will be denied.